UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MAGEE,<br>    Plaintiff,<br><br>v.<br><br>F/V IT AIN'T EASY<br>and<br>GRACE FISHING, INC.<br>    Defendants. | CIVIL ACTION NO. 04-11215-RCL |

## DEFENDANTS' EXPERT WITNESS DISCLOSURES

The defendants submit this expert witness disclosure pursuant to Fed. R. Civ. P. 26(a)(2) in accordance with the court's order of May 3, 2005.

The following experts are expected to be called to testify on behalf of the plaintiff:

A.   Liability

The defendants expects to call one, or possibly two, of the following individuals:

    1.    Jay Cox, Fishing Consultant
            Portland, Maine

    2     David Blaney, Certified Crew Trainer and Drill Conductor, Safety Consultant
            New Bedford, MA

    3.    Dave DuBois/Tom Toolis
            Marine Safety Consultants
            Fairhaven, MA

It is expected that one or more of the above-named individuals will testify in direct rebuttal to the points raised by the plaintiff's expert, Theophilus Moniz, specifically, but not limited to, the applicability of the regulations mentioned in the Moniz report and the safety and conditions of the F/V IT AIN'T EASY on the day of the plaintiff's incident.

B.      Causation/Medicals/Damages

The defendant expects to call as a witness Dr. Rodney H. Falk, 102 Cedar Street, Newton, MA 02459. A copy of Dr. Falk's curriculum vitae and further elaboration concerning his expert opinion will be supplemented when Dr. Falk's completes his review of the file.

Preliminarily, it is expected that Dr. Falk will testify substantially as follows: Mr. Magee did not have a heart attack but had chest pains. His records indicate that he was a huge risk for coronary disease due to various risk factors. Dr. Falk is further expected to testify that the reported arm numbness and the fact of the plaintiff being unconscious for a short time is not a symptom ordinarily associated with cardiac discomfort. Dr. Falk considers such symptoms to be strange for a cardiac event and very dramatic.

Dr. Falk is further expected to testify that the whole sequence of events may very well have saved Mr. Magee's life because of the therapy which he was provided for his presumed coronary event. Additionally, this therapy uncovered the presence of colon cancer. Mr. Magee was lucky that it was discovered at that time. If it had been present for an additional 6-9 months, it may have been too late to treat.

Mr. Magee did not suffer any permanent damage to his heart as a result of the pains complained about aboard the F/V IT AIN'T EASY. Indeed, there is not clear evidence that what happened on the boat was a cardiac event. Additionally, the symptoms of chest pain which Mr. Magee manifested are perfectly consistent with the ordinary exertion of performing the routine duties which Mr. Magee had. Mr. Magee's work was, in essence, equivalent to a stress test which exposed what was already there.

Mr. Magee's chest pain could have been treated simply with Nitroglycerin tablets and indeed whatever treatment he received, the pain resolved prior to his leaving the Cape Cod Hospital. It was a transient event with no permanent damage to his heart once his discomfort was settled. Additionally, the numbness resolved at the same time, and Mr. Magee was returned to his status pre-incident from that point until the time that he underwent heart surgery. This answer will be supplemented as further information is received.

> For the Defendants,
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
> /s/Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-09091