UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************
DAVID MAGEE,          *
    Plaintiff,        *
                      *           C.A. NO.:  04-11215 RCL
v.                    *
                      *
F/V IT AIN'T EASY and *
GRACE FISHING, INC.,  *
    Defendants.       *
*********************
```

## PLAINTIFF'S MOTION FOR COURT-ORDERED MEDIATION

BACKGROUND

A Final Pretrial Conference has been scheduled for June 1, 2006. In an ongoing effort to conclude the above-referenced matter without the need for trial, counsel for the parties have discussed mediation on several occasions. Notwithstanding twelve months[1] of trying to schedule such a proceeding and notwithstanding defense counsel's optimistic reactions to the repeated proposal, it appears that authority to proceed to mediation has not been obtained on behalf of the defendants.

Accordingly, pursuant to 28 U.S.C. § 651(b) it is hereby requested that this court **order**:

1. Mediation of this matter at the earliest date possible;

2. That the parties to this action share all reasonable costs and expenses associated with such mediation;

3. That this court set reasonable limits on the duration of the mediation and on the mediator's fees; and

4. That such mediation take place no later than the last day of April 2006.

---

[1] Please see Letters dated March 25, 2005, October 11, 2005 and January 23, 2006 attached chronologically as Exhibit A.

LAW AND ARGUMENT

**The District Court Judge has Inherent Power to Require Mediation**

District court judges have an "inherent power to *require* mediation."  See <u>In re Gitto Global Corp.</u>, 422 F.3d 1, 10 (1st Cir. 2005) (emphasis added), *citing to* <u>In re Atlantic Pipe Corp.</u>, 304 F.3d 135, 142 (1st Cir. 2002).  This "inherent power" was granted by Congress by way of the Alternative Dispute Resolution Act of 1998 ("ADR Act") codified at 28 U.S.C. §§ 651-658.  See <u>Atlantic Pipe Corp.</u>, 304 F.3d 135, 141 (1st Cir. 2002) ("statutory authority for ordering mandatory non-binding mediation [is granted by] the [ADR Act]).

**The Defendants' Consent is Not Necesarry**

The defendants' consent to mediation is not necessary.  See <u>Id</u>. at 141.  "[T]he [ADR] Act requires district courts to obtain litigants' consent only when they order arbitration . . . not when they order the use of other ADR mechanisms (such as non-binding mediation)."  See <u>Id</u>.

**An Order to Mediate Would Not be Prejudicial**

An order to mediate this matter would be *highly beneficial* to all parties <u>and this court</u>.  Though an amicable settlement is the goal of any mediation, even a failed one serves to clarify the issues remaining for trial.  See <u>Id</u>. at 146 ("the potential value of mediation lies not only in promoting settlement but also in clarifying the issues remaining for trial").

The district court is empowered to order the sharing of reasonable costs and expenses associated with mandated mediation.  See <u>Id</u>. at147.  In <u>Atlantic Pipe Corp.</u> the First Circuit Court of Appeals held that "the district court's failure to set reasonable limits on the duration of the mediation and on the mediator's fees doom[ed] the decree."  See <u>Id</u>. at 147, 148.

2

So long as this court orders

1. that the parties to this action share all reasonable costs and expenses associated with the mediation;

2. a reasonable limit to the duration of the mediation; and

3. a reasonable limit to the mediator's fees

then such order to mediate shall be compliant with the aforementioned Atlantic Pipe Corp. precedent and would not be prejudicial to the parties. *See* Id. at 147.

## STATEMENT OF THE PLAINTIFF

The Plaintiff hereby certifies that he has conferred with Defense counsel in an attempt to narrow the issues in satisfaction of Plaintiff's obligations under L.R. 7.1(A)(2).

## REQUEST FOR ORAL ARGUMENT

The Plaintiff requests oral argument on this motion pursuant to L.R. 7.1(D).

Respectfully submitted,
David Magee,
By his attorney,

/s/ David B. Kaplan
DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, Massachusetts 02210
(617) 261-0080
B.B.O. No. 258540

Dated: March 8, 2006