# Exhibit A

## THE KAPLAN / BOND GROUP

David B. Kaplan
Thomas M. Bond
Tracey N. Kaplan

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

(617) 261-0080
Fax (617) 261-1558

March 25, 2005

Joseph A. Regan, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA  02109

**RE:   David Magee vs. F/V IT AIN'T EASY and Grace Fishing, Inc.**
**Civil Action No.:  04-CV-11215-RCL**

Dear Mr. Regan:

In an effort to keep you apprised of the medical status in the above referenced matter, I enclose herewith the most recent medical report received.

In addition, I would like your assent to a motion that I am preparing seeking to have the court advance this case for speedy trial. The reason is, of course, that Magee's medical condition warrants such a speedy trial.

Therefore, I recognize that you have had some difficulty in getting Captain McDonald available for deposition but now I must insist and would like to do it in the latter part of June.

As an alternative to trial and after we do McDonald's deposition, would you be interested to see if a mediation might be successful in bringing the parties together. As I see it, there is a very substantial risk to both parties if we do not settle. Magee did have a substantial earning capacity and has suffered an extraordinary medical problem caused/aggravated by negligence and unseaworthiness and could obtain a very sizeable verdict.

Thank you in anticipation of your cooperation.

Very truly yours,

*[signature: David B. Kaplan/caf]*

DAVID B. KAPLAN

DBK/caf

Enclosure:  Report of Dr. Doyle

*Cape Health Solutions, L.L.C.*
*650 Townbank Rd*
*North Cape May, NJ 08204*
*Phone (609) 898-7447*
*Facsimile (609) 898-1912*
*e-mail djboyle@aol.com*

*Daniel J. Boyle, MD*                                    *Michael G. Maroldo, MD*

May 4, 2005

Dr. Mr. Kaplan

I am writing to you in response to your request regarding the medical problems of my patient, Mr. David Magee. Please find attached a note regarding his most recent visit to my office. This should outline the circumstances around his acute coronary event, which started the cascade of medical problems that the patient had and is continuing to experience. I understand, from your letter, that under admiralty law, the ship owner is obligated to pay "maintenance and cure" because the disabling condition occurred while in the service of the vessel. Clearly, that is the case. It was during the time that the patient was hauling nets, which is heavy physical exertion, when he first experienced symptoms. His symptoms were classic for an acute coronary syndrome and undoubtedly were precipitated by the heavy work that he was doing.

With regard to the question of negligence and/or un-seaworthiness, the patient tells me, and you noted in your letter to me, that the drums were inadequate size for the nets and the rollers If indeed that is correct, then it would appear to me that negligence occurred which further exacerbated the situation precipitating his condition of acute coronary syndrome. Also, it is likely that the exhortations from the captain to the crew to work faster, so that the nets were hauled before entering a restricted area, could also be considered negligent. Certainly, the fact that he was hurrying while working also exacerbated the condition and contributed to his experiencing an acute coronary event. If he had not experienced a coronary event he would not have been given Heparin. The gastrointestinal bleeding that he experienced because of the Heparinization is also directly related to the acute coronary event. If his coronary artery disease had been diagnosed absent an acute coronary event, he could have been treated without the Heparin and therefore without suffering the gastrointestinal bleed. His occult malignancy would have caused him problems and necessitated surgeries not withstanding what occurred on board the "It Ain't Easy" in December of 2002.

I hope this information is responsive to your questions. Please to not hesitate to contact me.

Cordially,

Daniel J. Boyle, MD

*See last page for vitals*

MAGEE, DAVID                                    04/26/05

Comprehensive Physical Exam

David Magee is a patient who has been under my care since January of 2003. He came to me as a result of acute coronary syndrome. Chief complaint: Acute coronary syndrome. History of present illness, the patient who is 50-years-old, enjoyed his usual state of good health until December 12, 2002 when he was hauling nets on the fishing boats, (It Ain't Easy) and developed chest pain. He was part of a crew that was hurriedly hauling in nets. There was extra stress at this time because the boat was on the border of a closed area and entering this area would result in fines therefore, the captain was exhorting the crew to hurry. The work was also more arduous than usual because the drum that held the nets and rollers was too small to accommodate them adequately and this required extra tugging and pulling on the nets to straighten them out. During this work that exceeding the normal level of work that the patient would have to do hauling nets by virtue of the undersized drum and by virtue of the exhortation of the captain to hurry, precipitated jaw pain, left arm pain, shortness of breath, tingling in the fingers. The patient was then air lifted by the Coast Guard to Cape Cod Hospital in Hyenas Port, where he was diagnosed as having an acute coronary syndrome. He was given Heparin but developed gastrointestinal bleeding from an occult gastrointestinal malignancy. He was ultimately stabilized and had coronary bypass surgery in March of 2003. He was then felt to be stable enough to have a Whipple procedure in April of 2003 for his gastrointestinal malignancy both in the descending colon and duodenum. He had sutures placed in the pancreas and the sutures did not hold causing pancreatic digestive juices to spill throughout the abdomen, which caused autolysis of the spleen necessitating a splenectomy. The patient as a result of his complicated medical history also developed a deep vein thrombosis and pulmonary embolus. Also because of his multiple surgeries, he developed nonhealing of his abdominal wound requiring yet another surgical procedure after the splenectomy and he is left with a large abdominal incisional hernia because of all of this.

Past Medical History: See above illness. The patient was diagnosed as having Diabetes Mellitus and coronary artery disease as noted above. Meds: He takes Aspirin a day and Cialis.
Social history: He is a ½ pack a day smoker and a nondrinker.
Family history: His mother died at age 78 of peritonitis. His father died at age 68 with carcinoma of the pancreas. He has a 60-year-old half brother that has lymphoma and appears to be in remission. He has no children.
Review of Systems: HEENT: Negative. Cardiorespiratory: Negative. GI: Negative. GU: The patient complains of erectile dysfunction. Musculoskeletal: Negative. Cutaneous: Negative.
Physical exam today, the patient's weight is up 9 pounds at 305. Blood pressure 100/62. Pulse 70, R 12, T 97.4. HEENT: PERRL. EOM is intact. Fundi are benign. TMs are clear. Pharynx is clear. Neck is supple. There are no nodes or bruits. There is a normal thyroid. Chest is symmetrical. There is a mediastinotomy incision. Heart: Regular rhythm. S1/S2 normal. Lungs: Clear. Abdomen: There is a large incisional abdominal hernia. There are no visceromegaly or masses. Bowel sounds are active. Genital and rectal exam was deferred. DP and PT pulses are ½ +/2+ bilaterally, without edema or cyanosis. Lab: The patient had a blood glucose which is elevated at 145. He had a normal CEA and CBC. The rest of his chemistries were within normal limits.
Diagnoses: Coronary artery disease, status post carcinoma of the duodenum and descending colon. Diabetes Mellitus, status post DVTs, and erectile dysfunction.
Plan: The patient will be started back on Glucophage for treatment of his diabetes. He will continue to take Aspirin and Cialis as prescribed. The patient will be seen for followup in two months after a Hemoglobin A1C is obtained.
DJB:cs

# THE KAPLAN / BOND GROUP

David B. Kaplan
Thomas M. Bond
Tracey N. Kaplan

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

(617) 261-0080
Fax (617) 261-1558

October 11, 2005

**VIA COURIER**

Joseph A. Regan, Esquire
Regan & Kiely LLP
85 Devonshire Street
Boston, MA  02109

RE:   David Magee v. F/V IT AIN'T EASY and Grace Fishing, Inc.
          Civil Action No.:  04-11215 RCL

Dear Mr. Regan:

I recognize that we have been struggling in our efforts to properly evaluate the above-referenced matter and I feel confident that the enclosed RESUME will be of assistance in identifying Mr. Magee's claims more clearly.

A significant part of the claim relates to the medical expenses incurred and those that continue to occur, which are not included herein.  I am confident that if trial becomes necessary, we shall introduce the grand total of these humongous bills with the clear cut explanation that the underlying cancer and all of the problems subsequent thereto ALL became <u>manifest</u> while Mr. Magee was in the service of the vessel.

In addition, please note that a favorable verdict will require that your assured's vessel, as well as other vessels or assets, *will be at risk*.

As I have discussed with you on many prior occasions, I believe that the best course of conduct is to terminate this case by settlement NOW and in that regard I anticipate that you will recognize the settlement figure is extremely conservative.

Please review and respond ASAP as the trial of this matter is not distant.

Very truly yours,

DAVID B. KAPLAN

DBK/jjb
Encl.

# THE KAPLAN / BOND GROUP

David B. Kaplan
Thomas M. Bond
Tracey N. Kaplan
Brian Keane

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

(617) 261-0080
Fax (617) 261-1558

January 23, 2006

Joseph A. Regan, Esquire
Regan & Kiely, LLP
85 Devonshire Street
Boston, MA 02109

RE:   David Magee v. F/V IT AIN'T EASY and Grace Fishing, Inc.
      U.S.D.C. For The District of Massachusetts, Civil Action No.: 04-11215 RCL

Dear Attorney Regan:

In an effort to find a successful conclusion to the above referenced matter, we thought that perhaps it would be worthwhile to attempt mediation.

To further the effort, we would like to propose the following:

PROPOSED MERDIATORS:

1. John P. Fitzgerald, Esq.
   Cogavin and Waystack
   Two Center Plaza
   Boston, MA 02108
   (insurance defense lawyer, difficult to get, but will approach if suitable)

2. Paul L. Cummings, Esq.
   Cummings, King and McDonald
   One Gateway Center
   Newton, MA 02458
   (insurance defense lawyer, good reputation primarily with the defense but supposedly fair)

3. Owen P. McGowan, Esq.
   McGowan and Associates
   80 Washington Street
   Norwell, MA 02061

## THE KAPLAN / BOND GROUP

4. (insurance defense lawyer formerly with defense firm, Finnegan, Underwood, Ryan and Tierney in Boston)

5. Richard T. Corbett, Esq.
   Of Counsel for McLucas and West, PC
   141 Tremont Street
   Boston, MA 02111
   (former house counsel for Commercial Union Ins. Co.)

If I can provide any further information, please let me know. Thank you in anticipation of your kind cooperation.

Very truly yours,

*[signature]*

MATTHEW H. SNELL


MHS