UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID MAGEE,            )
        Plaintiff,     )
                        )
        v.             )  CIVIL ACTION NO. 04-11215-RCL
                        )
F/V IT AIN'T EASY       )
and                     )
GRACE FISHING, INC.     )
        Defendants.    )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR COURT-ORDERED MEDIATION**

Now come the defendants, F/V IT AIN'T EASY and Grace Fishing, Inc. (hereinafter the "defendants") and hereby oppose the Plaintiff's Motion for Court-Ordered Mediation, pursuant to 28 U.S.C. § 651(b) and Local Rule 16.4(c)(4). As grounds for such opposition, the defendants state that they are not obligated by law to engage in mediation with the plaintiff and that any such mediation would be a waste of judicial resources, as the defendants have no liability in this case and would not agree to mediation. In further support of their opposition, the defendants state the following:

**ARGUMENT**

In the plaintiff's motion, he cites to a portion of the Alternative Dispute Resolution Act of 1998 ("ADR Act") – 28 U.S.C. § 651(b) – in support of his request for court-ordered mediation. Pursuant to 28 U.S.C. § 651(b), however, "[e]ach United States district court shall authorize, by local rule adopted under section 2071(a), the use of alternative dispute resolution processes in all civil actions." As such, U.S. District Court for the District of Massachusetts Local Rule 16.4 (Alternative Dispute Resolution) outlines this Court's use of alternative dispute

resolution processes. Local Rule 16.4(c) states that a judicial officer, "following an exploration of the matter with all counsel, may refer appropriate cases to alternative dispute resolution programs that have been designated for use." Furthermore, Local Rule 16.4(c)(4) states that a judicial officer "may grant mediation <u>upon the agreement of all parties</u> (emphasis added)."

The plaintiff also asserts that district court judges have an "inherent power" to require mediation in certain circumstances and he supports this argument with the citation of two First Circuit cases. In his summary of the holdings in these cases, the plaintiff misrepresents the decisions, fails to recognize that the decisions involve different federal jurisdictions, and disregards the existence of Local Rule 16.4, which is relevant to the motion at hand.

First, the case of <u>In re Atlantic Pipe Corporation</u> was on petition for a writ of mandamus to the U.S. District Court for the District of Puerto Rico. The <u>Atlantic Pipe</u> Court specifically stated that "[a]lthough many federal district courts have forestalled further debate by adopting local rules that authorize specific ADR procedures and outlaw others, e.g., . . . D. Mass. R. 16.4 (permitting mandatory summary jury trials but only voluntary mediation), the District of Puerto Rico is not among them." <u>In re Atlantic Pipe Corp.</u>, 304 F.3d 140, 142 (1st. Cir. 2002). Therefore, the Court decided that it needed to address these ADR procedures, as relevant only to the District of Puerto Rico.

In the plaintiff's motion, he also failed to acknowledge that the <u>Atlantic Pipe</u> Court explicitly stated that district courts in Massachusetts permit "only voluntary mediation." <u>Id.</u> Furthermore, the <u>Atlantic Pipe</u> case involved "twelve parties, asserting a welter of claims, counterclaims, cross-claims, and third-party claims predicated on a wide variety of theories." <u>Id.</u> at 138. The U.S. Court of Appeals for the First Circuit did order mandatory mediation, however,

it stated that "a district court's inherent powers are not infinite" and that there are "at least four limiting principles" on the courts, including that the "inherent powers cannot be exercised in a manner that contradicts an applicable statute or rule." Id. at 136.  Local Rule 16.4(c)(4) is such an "applicable statute or rule" that would be directly contradicted if this Court granted the plaintiff's motion for court-ordered mediation.

As stated above, Local Rule 16.4 (Alternative Dispute Resolution) was enacted so that this Court could use alternative dispute resolution processes.  Contrary to the plaintiff's interpretation of 28 U.S.C. § 651(b) (a part of the ADR Act) and federal case law cited in his motion, this Court's Local Rule 16.4(c)(4) explicitly states that a judicial officer "may grant mediation upon the agreement of all parties (emphasis added)."  Furthermore, the Atlantic Pipe Court confirmed that Massachusetts has enacted a local rule that does not permit mandatory, or court-ordered, mediation.

## CONCLUSION

Although the plaintiff has alleged that the defendants must submit to court-ordered mediation and that this Court has the power to order such mediation, the plaintiff's arguments directly contradict Local Rule 16.4 and federal case law.  For the reasons stated above, the plaintiff is not entitled to court-ordered mediation.

WHEREFORE, the defendants F/V IT AIN'T EASY and Grace Fishing, Inc. request that the plaintiff's motion be dismissed as a matter of law.

For the defendants,

F/V IT AIN'T EASY and GRACE
FISHING, INC.,
By their attorneys,

**REGAN & KIELY LLP**


/s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
85 Devonshire Street
Boston, MA 02109
(617)723-0901
jar@regankiely.com