UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************
DAVID MAGEE,          *
    Plaintiff,        *
                      *           C.A. NO.:  04-11215 RCL
v.                    *
                      *
F/V IT AIN'T EASY and *
GRACE FISHING, INC.,  *
    Defendants.       *
*********************
```

### JOINT FINAL PRETRIAL MEMORANDUM

This memorandum is filed in response to this court's order dated February 28, 2006.

**I.    CONCISE SUMMARY OF PARTIES' POSITIONS**

    **A.    The Plaintiff**

The Plaintiff was a seaman and member of the crew of the F/V IT AIN'T EASY on December 12, 2002. Due to poor maintenance, inadequate working conditions and inadequate rest periods, Magee was caused to suffer a heart attack and subsequent related internal bleeding. The Plaintiff's injury required a coronary bypass, a Whipple Procedure and a Splenectomy.

It is the contention of the Plaintiff that the defendants were negligent and that the F/V IT AIN'T EASY was un-seaworthy which caused Plaintiff's injuries. Plaintiff's medicals total $38,587.77 to date.

The Plaintiff is also maintaining a cause of action for maintenance and cure as a result of the injures sustained upon the F/V IT AIN'T EASY.

It is anticipated that the physical condition of the Plaintiff has resulted in permanent physical impairment of future activities preventing him from returning to the sea and/or any manner of gainful employment.

### B.    The Defendant

It is the Defendant's contention that it is not negligent, and that its vessel was not unseaworthy in relationship to the claim set forth by the plaintiff. Further, it is the defendant's contention that the conditions aboard the F/V IT AIN'T EASY were suitable for their intended purpose and that Plaintiff did not suffer a heart attack at all. The plaintiff is employable, but chooses not to return to work.

## II.    STIPULATIONS

A.    The plaintiff was 48 years old at the time of his injury and is presently 51 years old.

B.    On or about December 12, 2002, the Plaintiff was employed by the Defendant, Grace Fishing, Inc. as cook, deckhand and member of the crew of the F/V IT AIN'T EASY.

C.    On or about December 12, 2002, the Defendant, Grace Fishing, Inc. was the owner of the F/V IT AIN'T EASY.

## III.    CONTESTED ISSUES OF FACT

A.    Negligence of the Defendant, Grace Fishing, Inc. and its causal relationship to Magee's injuries.

    B.       The unseaworthiness of the F/V IT AIN'T EASY and its causal relationship to Magee's injuries.

    C.       The contributory negligence of the Plaintiff and its causal relationship to his injuries.

## IV.    JURISDICTIONAL QUESTIONS

The parties do not anticipate any jurisdictional questions on issues joined.

The Defendant, F/V IT AIN'T EASY, is not jurisdictionally present, *In Rem*, before the court and should properly be dismissed before the commencement of the Trial.

## V.    QUESTIONS RAISED BY PENDING MOTIONS

Motions in Limine have yet to be filed by either of the parties but are anticipated by both.

## VI.    ISSUES OF LAW

The parties do not anticipate any unusual issues of law.

## VII.    REQUESTED AMENDMENTS

The parties do not anticipate any amendments to the pleadings.

## VIII.   ADDITIONAL MATTERS

There are no additional matters raised by either party at this time.

IX.     **LENGTH OF TRIAL**

The parties anticipate that this case will take approximately three (3) to five (5) days, including jury empanelment, argument and charge (assuming a 9:00 a.m. to 1:00 p.m. schedule).

X.      **WITNESSES**

A.      **The Plaintiff**

1.      David Magee
        1142 Route 109
        Cape May, NJ 08204

On December 12, 2002, David Magee was a commercial fisherman serving as a cook and deckhand aboard the F/V IT AIN'T EASY and will testify as follows:

The weather and sea were quite rough and all aboard had been working continuously for 9 hours on and 3 hours off at a time. It was very dark out with temperatures below freezing, blowing snow, and wind gusting at 35 mph.

At approximately 7 p.m. the Captain, in an effort to avoid a fine, demanded that the nets be hauled immediately as they were about to enter a restricted fishing area. The Captain had failed to keep track of their position and subsequently pressed the crew to make up for it by forcing them to perform labor that would normally have required an additional deckhand.

The weather conditions combined with only two out of four deck lights working exacerbated the poor working conditions. The net drum on the ship's winch was too small to accommodate the net and its rollers causing the crew, through much haste and exertion, forcibly guide and heave the gear back onto the net drum as it was turning. The

working area of the deck was supposed to have non-skid or an abrasive surface but instead was bare steel. The steel deck was made hazardous by the existence of grease and hydraulic fluid that had been allowed to leak from the winch machinery and remain.

Under the constant stress and exertion, Magee experienced tingling in his arms and fingers, terrible pain in his back teeth, shortness of breath, and a dull chest pain that worsened steadily until he collapsed to the deck.

The Coast Guard airlifted him to Cape Cod Hospital where he was treated and it was determined that he was suffering from acute coronary syndrome necessitating coronary bypass surgery. He was given Heparin to thin his blood as a preparatory measure which resulted in unexpected severe gastrointestinal bleeding the source of which was discovered to be an occult gastrointestinal malignancy.

Once stable, Magee underwent a very sophisticated and risky coronary bypass procedure without thinning his blood. Once it was determined that Mr. Magee's heart condition had stabilized he underwent a very delicate and rare Whipple Procedure.

During Magee's recovery, he suffered autolysis of the spleen when his digestive juices leaked through his sutures and began to digest a hole in his spleen. This condition necessitated a splenectomy. Thereafter, he had deep vein thrombosis resulting in a pulmonary embolism (blood clots in his lungs), blood clots in his kidneys and was semiconscious for approximately two months. His prognosis is not good and his life expectancy is very limited.

2.  Dr. Daniel J. Boyle (medical expert)
    Cape Health Solutions, LLC
    650 Townbank Road
    North Cape May, NJ 08204

Dr. Boyle is a medical doctor in North Cape May, New Jersey. He will testify that the coronary Magee suffered led to "the cascade of medical problems" that he has had and continues to suffer from.

Further, Dr. Boyle will testify that the coronary was caused by a combination of the heavy work without adequate rest periods, inadequate equipment, poor maintenance and overall poor working conditions.

Dr. Boyle will testify that Magee has sustained a 13% permanent partial impairment, and is limited to performing clerical, light duty work.

3.  Dr. Lawrence S. McAuliffe (medical expert)
    The Cardiovascular Specialists
    25 Main Street
    Hyannis, MA 02601

Dr. McAuliffe is a cardiologist in Hyannis, Massachusetts. He will testify that the working conditions aboard the F/V IT AIN'T EASY "clearly triggered his symptoms and the subsequent ischemic cascade." He will also testify that Magee's gastrointestinal bleeding did not provoke his symptoms and that any internal bleeding occurred after his presentation at Cape Cod Hospital.

4.   Theophilus Moniz, III (liability expert)
     Advanced Marine Safety Services
     93 Old Main Road
     North Falmouth, MA 02556

Mr. Moniz is a retired Coast Guard Officer who is currently employed as a marine engineer with the Woods Hole Oceanographic Institution.  He will testify that the defendant's owner, captain and crew failed to conform to the custom and practice of good seamanship by failing to operate and maintain the F/V IT AIN'T EASY in a safe manner.  Specifically, Mr. Moniz will testify that the Defendant permitted the following conditions to exist aboard the vessel:

- Fatigue due to inadequate rest
- Use of a drum of inadequate size
- Inadequate guards
- Lack of adequate non-skid on the vessel's deck
- Slippery deck due to inadequate housekeeping – grease left on deck
- Slippery deck due to inadequate maintenance – deck machinery leaked oil
- Inadequate lighting due to inadequate maintenance – two out of four lights were not working

**A.   The Defendant**

1.   Captain Mike McDonald
     c/o Defendant

Captain McDonald was the Captain of the F/V IT AIN'T EASY and is expected to testify as to the working conditions present at the time of Mr. Magee's coronary.

2.   William (Billy) Johnson
     4 Samoset Road
     Mattapoisett, MA 02739
     c/o Defendant

Mr. Johnson was a member of the crew aboard the F/V IT AIN'T EASY and is expected to testify as to the working conditions present at the time of Mr. Magee's coronary.

3. Norman Viera
c/o Defendant

Mr. Viera was a deckhand aboard the F/V IT AIN'T EASY and is expected to testify as to the working conditions present at the time of Mr. Magee's coronary.

4. Jay Cox (liability expert)
c/o Defendant

Mr. Cox is a Fishing Consultant who is expected to testify in rebuttal to the points raised by Plaintiff's expert Moniz. Specifically, Mr. Cox will rebut the applicability of the regulations mentioned in Moniz's report and the safety conditions aboard the vessel.

5. David Blaney (liability expert)
c/o Defendant

Mr. Blaney is a Certified Crew Trainer and Drill Conductor who is expected to testify in rebuttal to the points raised by Plaintiff's expert Moniz. Specifically, Mr. Blaney will rebut the applicability of the regulations mentioned in Moniz's report and the safety conditions aboard the vessel.

6. David DuBois/Tom Toolis (liability experts)
c/o Defendant

Mr. DuBois and Mr. Toolis are maritime experts who are expected to testify in rebuttal to the points raised by Plaitniff's expert Moniz. Specifically, they will rebut the applicability of the regulations mentioned in Moniz's report and the safety conditions aboard the vessel.

7.  Dr. Rodney H. Falk (medical expert)
    102 Cedar Street
    Newton, Massachusetts 02459

Dr. Falk is expected to testify that Magee did not have a heart attack but had chest pains. Dr. Falk is further expected to testify that the whole sequence of events may very well have saved Magee's life.

XI. **EXHIBITS**

    A.    Plaintiff's Exhibits

    1.    Photographs of the F/V IT AIN'T EASY;

    2.    Photographs of plaintiff;

    3.    Defendant's Answers to Interrogatories;

    4.    Defendant's Responses to Plaintiff's Document Requests

The Plaintiff reserves the right to supplement prior to trial and to use any and all exhibits listed by Defendant.

    B.    <u>Defendant's Exhibits</u>

        1.    Medical Records of the Plaintiff:

        2.    Plaintiff's Internal Revenue Service Tax Returns for 1999, 2000, 2001, 2002;

        3.    Deposition of David Magee;

The Defendant reserves the right to supplement prior to trial and to use any and all exhibits listed by Plaintiff.

Respectfully submitted,

| David Magee, | Grace Fishing, Inc. |
|---|---|
| by his attorney, | by its attorney, |
| /s/ David B. Kaplan | /s/ Joseph A. Regan |
| DAVID B. KAPLAN | Joseph A. Regan, Esq. |
| **THE KAPLAN/BOND GROUP** | **REGAN & KIELY, LLP** |
| 88 Black Falcon Avenue, Suite 301 | 88 Black Falcon Avenue, Suite 330 |
| Boston, Massachusetts 02210 | Boston, Massachusetts 02210 |
| (617) 261-0080 | (617) 723-0901 |
| B.B.O. No. 258540 | |

Dated: May 31, 2006