UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************
DAVID MAGEE,           *
    Plaintiff,         *
                       *          C.A. NO.:  04-11215 RCL
v.                     *
                       *
F/V IT AIN'T EASY and  *
GRACE FISHING, INC.,   *
    Defendants.        *
*********************
```

## PLAINTIFF'S MOTION *IN LIMINE* REQUESTING TO EXCLUDE DEFENDANT'S EXPERT WITNESSES, JAY COX, DAVID BLANEY, DAVE DUBOIS, TOM TOOLIS AND DR. RODNEY H. FALK

Plaintiff moves this court *in limine* to exclude Defendant's expert witnesses, Jay Cox, David Blaney, Dave Dubois, Tom Toolis and Dr. Rodney H. Falk.

In support of this motion, the plaintiff states as follows:

1. Defendant's Expert Witness Disclosure failed to comply *with any part* of Fed.R.Civ.P. 26(a)(2)(B) which states that an expert disclosure "shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. See Pomales v. Bridgestone Firestone, Inc., 217 F.R.D. 290, 293 (D.P.R. 2003) In Pomales, the district court excluded defendant's expert witness for failure to

provide a copy of the expert's *curriculum vitae*, finding that plaintiffs were prejudiced because they could not show it to, or discuss it with, their own expert, nor could they use it in preparation of pretrial motions, interrogatories, depositions, and general preparation for trial. The court further held that "[t]he fact that Plaintiffs have chosen not to depose Defendant's expert witness does not eliminate the fact that Plaintiffs were deprived of the opportunity to utilize this information in preparation for trial . . ." Not only did Defendant in the instant matter fail to disclose the *curriculum vitae* of <u>any</u> of their five expert witnesses, they failed to comply *with any part* of Fed.R.Civ.P. 26(a)(2)(B)'s expert disclosure requirements.

2. In addition to the above, Dr. Falk has never examined Plaintiff and any opinions he may have will be speculative and based solely upon records sent to him by Defendant.

3. A pretrial ruling on the exclusion of these experts will serve the interest of judicial economy in that it will save time in the trial of this case and permit a less hurried discussion of the issues.

WHEREFORE, Plaintiff requests this court to exercise its inherent power over the conduct of trials and exclude Defendant's expert witnesses, Jay Cox, David Blaney, Dave Dubois, Tom Toolis and Dr. Rodney H. Falk.

Respectfully submitted,
David Magee,
by his attorney,

/s/ David B. Kaplan_____
DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, Massachusetts 02210
(617) 261-0080
B.B.O. No. 258540                                            Dated: June 1, 2006