UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID MAGEE,         )
        Plaintiff,     )
                     )
     v.            )       <u>CIVIL ACTION NO. 04-11215-RCL</u>
                     )
F/V IT AIN'T EASY     )
and                  )
GRACE FISHING, INC.   )
        Defendants.  )

**<u>REQUEST OF THE DEFENDANTS, F/V IT AINT EASY AND
GRACE FISHING INC. FOR INSTRUCTIONS TO THE JURY</u>**

Now comes the defendants, F/V IT AIN'T EASY and GRACE FISHING, INC.,

and respectfully requests this Court to instruct the jury as follows:

**<u>REQUEST NO. 1</u>**

You cannot be governed by sympathy or prejudice or any motive whatsoever,

except a fair impartial consideration of the evidence, and you must not allow any

sympathy you may have for any party to influence you in any degree whatsoever in

deciding whether the plaintiff has sustained his burden of proof.

**<u>REQUEST NO. 2</u>**

In reaching your determination as to whether the plaintiff has satisfied his burden of

proof, I instruct you that you are the sole judges of the credibility of all the witnesses.

You do not have to believe, and may decide that you do not believe, any of the witnesses

that have appeared before you.  You may decide that you believe part but not all of the

testimony of any witness.  In reaching your decision as to whether you believe a witness,

you may consider how the witness conducted himself or herself on the witness stand, and

you may also consider whether the witness had an opportunity to observe or to otherwise

learn the facts about which that witness testified.

## REQUEST NO. 3

The fact that I am instructing you as to the rules of law which are to govern you in

your consideration of the question of damages is not to be understood as an opinion by

me as to whether damages should or should not be allowed.  This is a matter solely for

your determination under the rules of law as I am giving them to you.

## REQUEST NO. 4

In order to recover for Jones Act negligence, a plaintiff must show that his

employer acted in a negligent manner and that the negligence of the employer

proximately caused the injury.  Engle v. Davenport, 271 U.S. 33, 1926 AMC 679 (1926);

Rogers v. Missouri R.R., Co., 353 U.S. 500, 1957 AMC 652 (1957).

## REQUEST NO. 5

The negligence of the defendant cannot be presumed from the mere fact of the

plaintiff's injuries.

Tallon v. Spellman, 302 Mass. 179.

Borysewicz v. Dineen, 302 Mass. 461.

## REQUEST NO. 6

The duty of care owed by a vessel owner to a crewmember is that of ordinary

prudence and care under the circumstances.  Gautreaux v. Scurlock Marine, 107 F.3d 331

(5th Cir. 1997).

**REQUEST NO. 7**

Due care requires that precautions be taken against those risks which could be foreseeable to an ordinarily prudent person in similar circumstances.

See <u>Geary v. H.P. Hood & Sons, Inc.</u>, 336 Mass. 369.

<u>Marengo v. Roy</u>, 318 Mass. 790.

**REQUEST NO. 8**

In order to be entitled to recovery for damages under the Jones Act, the plaintiff must prove that the defendant's negligence was a contributing cause of the plaintiff's injuries.

<u>Martinez v. State Fish & Oyster Co.</u>, 386 F.Supp. 560.

**REQUEST NO. 9**

A Jones Act claim must be supported by evidence to support a reasonable inference that the employer was negligent, and "when the causal link between the alleged negligence and the [injury] is too speculative to draw a reasonable inference that the negligence played a part in the [injury]", the plaintiff has not met his burden of proof. <u>Abshire v. Gnots-Reserve, Inc.</u>, 929 F.2d 1073, 1991 AMC 2169, 2176 (5th Cir. 1991).

**REQUEST NO. 10**

The law requires a man in the position of the plaintiff to exercise reasonable care for his own safety. You must find plaintiff contributorily negligent if you find that a reasonably prudent man in plaintiff's position would have observed the possibility of danger and would have taken steps to avoid it. In other words, if you find that plaintiff was not aware of the danger because he was not reasonably careful, <u>or</u>, if you find that he

did observe it, but did not take reasonably careful steps to avoid it, you must find that plaintiff's own negligence contributed to his own injury.

Johannessen v. Gulf Trading and Transportation Co., 633 F.2d 653.

## REQUEST NO. 11

"Contributory negligence on the part of a person injured through the negligence of another is want of due care in respect to the event causing the injury, and is in itself conduct having a share in bringing on the harm.  Failure to exercise due care respecting the cause of his injury ... by the person injured is contributory negligence."

Duggan v. Bay State Street Railway Co., 320 Mass.  370, 377.

## REQUEST NO. 12

Contributory negligence may be established by a person's own conduct showing carelessness contributing to his injury notwithstanding testimony as to care used by him.

Heindenreich v. Dumas, 88 N.H 453.

## REQUEST NO. 13

If the plaintiff took greater risks than a person of ordinary prudence would take in a like situation, he was contributorily negligent.

Burnett v. Conner, 299 Mass. 604.

Correina v. Atlantic Amusement Co., Inc., 302 Mass. 81.

## REQUEST NO. 14

If you find that the plaintiff was not in the exercise of due care at the time of his injury, then the plaintiff was contributorily negligent.

**REQUEST NO. 15**

As to the unseaworthiness claim, the full extent of the defendant's responsibility to the plaintiff was to furnish a vessel reasonably safe and fit for its intended purpose, and to exercise due care in the conduct of its fishing operations.

**REQUEST NO. 16**

A ship owner is not obligated to furnish an accident free ship.  While his duty with respect to seaworthiness is absolute, it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use.

Mitchell v. Trawler Racer, Inc., 362 U.S. 539.

**REQUEST NO. 17**

Although the defendant was required to furnish a vessel reasonably safe and fit for its intended purpose, it was not obliged to furnish the best, most modern and most convenient appliances or machinery.  The standard of the ship's seaworthiness in hull, structure, machinery, appliances, furnishings, equipment, appurtenances, tackle and gear is not that of perfection.  The best possible equipment is not required, so long as the equipment is reasonably fit for the use for which it was intended.

Ramerio v. International Terminal Operating Co., 358 U.S.  354.

Manhat v. United States, 220 F.2d 143.

**REQUEST NO. 18**

In order to be entitled to recovery for damages for unseaworthiness, the plaintiff must prove that the unseaworthy condition of the vessel was the proximate cause of his injury.

Goodrich v. Cargo Ships & Tankers, Inc., 241 F.Supp. 332.

**REQUEST NO. 19**

In order to recover for unseaworthiness, the plaintiff must show that the vessel, its crew and appurtenances are not reasonably safe to use and perform its intended task. Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 1971 AMC 277 (1971).  The plaintiff must also show that the unseaworthiness proximately caused the injury. McClow v. Warrior & Gulf Navigation Co., 842 F.2d 1250 (11th Cir. 1988).  The standard is higher than that for Jones Act cases, and to recover the plaintiff must show that the unseaworthiness was a substantial factor in the case.  Joyce v. Atlantic Richfield Co., 651 F.2d 676, 1982 AMC 1823 (10th Cir. 1981).  The standard is not absolute perfection but reasonable fitness for her intended service.  Mahnich v. Southern S.S., Co., 321 U.S. 96, 1944 AMC 1 (1944).

**REQUEST NO. 20**

An isolated act of negligence of a fellow worker which directly causes an injury is not unseaworthiness.  Usner v. Luckenbach Overseas Corp., 400 U.S. 494 (1971).

**REQUEST NO. 21**

A condition, transitory or otherwise, of a crew member (lack of skill, knowledge, etc.) rendering him not fit for his ordinary duties or not up to the ordinary standards of his profession renders the vessel unseaworthy; an isolated act of negligence committed by an otherwise competent crew member does not.  Hogge v. Steamship Yorkmar, 434 F.Supp. 715 (D.Md. 1977); Usner v. Luckenbach Overseas Corp., 400 U.S. 494 (1971).

**REQUEST NO. 22**

      The unseaworthiness of the defendant's vessel cannot be presumed from the mere fact of the plaintiff's injuries.

**REQUEST NO. 23**

      If you find that the plaintiff was injured, but that the defendant's vessel was reasonably safe and fit for its intended purpose at the time of the accident, then you must enter a finding for the defendant on the plaintiff's unseaworthiness claim.

**REQUEST NO. 24**

      The remedies of Maintenance & Cure are based on the obligation of the employer to provide suitable quarters, provisions and medical care to seamen while they are aboard the vessel.  It has been extended to cases where seamen are placed ashore during their convalescence and even to cases when seamen are at home or on shore leave, as long as the seaman is obligated to return to the vessel if he is called for service or if he is generally answerable to the call of duty.

      Farrell v. United States, 336 U.S. 511 (1949)

      Macedo v. F/V Paul & Michelle, 868 F.2d 519 (1st Cir. 1989)

**REQUEST NO. 25**

      The plaintiff has the burden of proving that he was injured or disabled while in the service of the vessel in order to be entitled to maintenance and cure damages.

      Miller v. Lyke Bros.-Ripley S.S. Co., 98 F.2d 185 (5th Cir. 1938).

**REQUEST NO. 26**

If you find that the plaintiff is entitled to recovery as a result of the defendant's negligence and/or unseaworthiness, in determining the amount of damages to award him, you must remember that the plaintiff's claims for negligence and unseaworthiness are but alternative grounds of recovery for a single cause of action, and you may award him only those damages which adequately indemnify him for his injuries.

McAllister v. Magnolia Petroleum Co., 357 U.S. 221.

**REQUEST NO. 27**

If you find for the plaintiff, you must determine damages. In arriving at the amount which will compensate the plaintiff for his loss, you may consider four elements:

(1)    His necessary expenses directly flowing from his injury;

(2)    His loss of the capacity to earn from the time of his injury through today which results solely from the injury;

(3)    His discomfort, pain or inconvenience resulting from his injury during the same period; and

(4)    His expenses, loss of the capacity to earn, and discomfort, pain or inconvenience which it is reasonably certain he will sustain in the future.

No allowance is to be made for future damages unless you find from the evidence that it is reasonably certain the plaintiff will sustain such future damage; and then allowance should be made only for such a period of time as it appears to be reasonably certain that any such condition or damage will continue to exist.

**REQUEST NO. 28**

The plaintiff has claimed that some of the injuries received by him as a result of the accident are permanent.  I instruct you that the burden of proof is upon the plaintiff to prove each and every element of his case and that before you can award him any sum of money for alleged permanent injuries, in addition to being satisfied that the accident was caused by the defendant's negligence and/or an unseaworthy condition aboard the defendant's injuries are indeed permanent; it is not sufficient that permanent injuries are merely possible.

**REQUEST NO. 29**

Should you find that the plaintiff is entitled to recovery, any award entered in his favor will not be subject to income taxes and you should not, therefore, add or subtract taxes in fixing the amount of any award.

For the Defendants,
By their attorneys,

**REGAN & KIELY LLP**

 /s/Joseph A. Regan                              
Joseph A. Regan, Esquire (BBO #543504)
88 Black Falcon Avenue, Suite 330
Boston, MA  02210
(617)723-0901
jar@regankiely.com